[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13592
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00457-AKK


LESLIE WAYNE HILL,

Plaintiff - Appellant,

versus

MIKE HALE, Sheriff,
JACOB REACH, Lieutenant,
JASON ORR, WVTM-TV LLC,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 11, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Leslie Hill appeals the district court's dismissal of his federal claims brought under 42 U.S.C. § 1983 against Mike Hale, Jason Orr, and Jacob Reach, of the Jefferson County Sheriff's Department.  Hill argues the defendants violated his right to procedural due process when they erroneously identified him as a sex offender, issued warrants against him under Alabama's Sex Offender Registration and Notification Act, and publicized his alleged sex-offender status in a television news segment.  The district court dismissed these claims on immunity grounds. Upon review, we affirm.[1]

The defendants are state officials for sovereign-immunity purposes.  *See Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted).  Neither exception applies in this case.  The district court therefore did not err in dismissing suit against the defendants in their official capacities.

Moreover, qualified immunity limits suit against state officials in their individual capacities.  A plaintiff alleging a constitutional violation under § 1983 can only overcome qualified immunity if "(1) the defendant violated a

---

[1]  We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

Here, even assuming a due process violation exists, the violation alleged is not "clearly established." Reputational injury alone is insufficient to invoke the due process clause. *Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003). Plaintiffs alleging defamation must also allege a "plus" factor, the deprivation of a "previously recognized property or liberty interest." *Id.* at 1297-98. Hill argues that erroneously-issued warrants establish such a "plus" factor, but he cites no authority for the proposition that the mere issuance of a warrant—absent arrest or prosecution[2]—amounts to a deprivation of property or liberty. The district court therefore did not err in dismissing suit against the defendants in their individual capacities.

**AFFIRMED.**

---

[2] *See Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) ("[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause."). Here, the warrants at issue were never enforced. The Sheriff's Department withdrew them just two weeks after they were issued.